## In re PALM BEACH COUNTY.

### No. 5818-WS.

Railroad & Public Utilities Commission.

July 28, 1959.

Chairman JERRY W. CARTER, commissioners WILBUR C. KING and ALAN S. BOYD, participated in the disposition of this matter.

BY THE COMMISSION.

The 1959 legislature enacted chapter 59-372 and thereby vested in this commission potential jurisdiction to a limited extent over the operations and rates of certain public utilities which operate water systems or sewer systems, or both.

Section 23 of the Act, which became a law without the Governor's approval on June 18, 1959, provides that the Act shall become effective in a county immediately upon adoption by the board of county commissioners of a resolution declaring that the county is subject to the provisions of the Act, and the submission of the resolution to this commission.

On July 13, 1959 the board of county commissioners of Palm Beach County adopted a resolution in conformity with the provisions of section 23 of chapter 59-372 declaring that Palm Beach County, a political subdivision of the state of Florida, is subject to the provisions of said law, which resolution is set forth below—

A RESOLUTION

PERTAINING TO WATER AND SEWER SYSTEM
REGULATORY ACT

ADOPTED JULY 13, 1959

BE IT RESOLVED BY THE BOARD OF COUNTY COMMISSIONERS OF PALM BEACH COUNTY, FLORIDA, in regular session assembled on this, the 13th day of July, A. D. 1959, that in accordance with the provisions of Section 23, Chapter 59-372, General Laws of Florida 1959, known and cited as the "Water and Sewer System Regulatory Act," does hereby declare that Palm Beach County, a political subdivision of the State of Florida, is subject to the provisions of said law.

BE IT FURTHER RESOLVED that a certified copy of this resolution be forwarded to the Florida Railroad and Public Utilities Commission, Tallahassee, Florida.

_Lake Lytal_
                    Chairman
_Paul Rardin_
_Ben F. Sundy_
_Kenneth P. Foster_
_Roy E. Michael, Jr._

As and constituting the Board of
County Commissioners of Palm Beach
County, Florida

ATTEST:
_J. Alex Arnette_
            Clerk

A certified copy of the resolution was submitted to this commission on July 16, 1959, and as a result the provisions of said law are now in effect in Palm Beach County.

Pursuant to the provisions of section 3 of chapter 59-372 every public utility, as defined therein, excluding utilities owned or operated by governmental agencies engaged, on the effective date of the law, in operating, constructing or extending any water system or sewer system, or both, is required to register with this commission within 60 days after the effective date of the law by filing with this commission a written statement setting forth the full legal name of said public utility, its principal place of business and its mailing address, in order that such public utility may be entitled to receive at least 10 days written notice of every public hearing required by said law.

It is accordingly ordered that the resolution of the board of county commissioners of Palm Beach County is hereby received and recognized as full compliance with the provisions of chapter 59-372 for the purpose of giving this commission jurisdiction within the terms of said law over the operations and rates of public utilities operating water systems or sewer systems, or both, within Palm Beach County, and all such public utilities are hereby directed to take such action as may be required of them by said chapter 59-372.